# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL W. BROWN, | : | Case No. 3:11-cv-331 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF | | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; (2) PLAINTIFF'S REQUEST TO REMAND THIS MATTER TO THE COMMISSIONER UNDER THE SIXTH SENTENCE OF 42 U.S.C. § 405(g) BE DENIED; AND (3) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c). At issue is whether a remand to the Commissioner -- to consider new medical evidence under the Sixth Sentence of 42 U.S.C. § 405(g) -- is warranted. Additionally, Plaintiff Michael W. Brown ("Plaintiff") argues that the Administrative Law Judge ("ALJ") erred in finding he was "not disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI") because he retained the residual functional capacity for a limited range of "light" work.[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. §§ 404.1567; 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's Memorandum in Opposition (doc. 11), Plaintiff's Reply (doc. 14), and the administrative record (doc. 7).

## I. BACKGROUND

### A. Procedural History

Plaintiff filed applications for DIB and SSI on July 10, 2008, alleging a disability onset date of June 4, 2008. Doc. 5-5 at PageID 156-64. Plaintiff claims he is disabled due to diabetes and impairments in his feet. *See* doc. 5-6 at PageID 183.

Following initial administrative denials of Plaintiff's applications, Plaintiff received a hearing before ALJ Carol Bowen on June 2, 2010. Doc. 5-2 at PageID 64-94. On August 16, 2010, the ALJ issued a written decision, finding Plaintiff "not disabled." *Id.* at PageID 47-55. The ALJ's "Findings of Fact and Conclusions of Law," which represent the rational of her decision, were as follows:

1. The claimant meets the insured status requirements of Social Security Act through June 30, 2013.

2. The claimant has not engaged in substantial gainful activity since June 4, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: 1) obesity; 2) diabetes mellitus with neuropathy; and 3) Charcot's arthropathy (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920 (d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform a limited range of light work as defined in 20 CFR 404.1567(b) and

    416.967(b). He is limited to work featuring: 1) four hours maximum of standing and walking in an eight-hour workday; 2) standing no more than 30 minutes continuously; 3) no operation of foot controls; 4) no pushing or pulling with the lower extremities; 5) occasional climbing of ramps or stairs; 6) no climbing of ladders, ropes, or scaffolds; 7) occasional stooping, kneeling, crouching, and crawling; and 8) no exposure to hazardous machinery or unprotected heights. By definition, light work ordinarily requires the ability to lift 10 pounds frequently and 20 pounds occasionally, and to engage in a good deal of sitting, standing, or walking.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on May 7, 1964, was 44 years old, and was defined as a younger individual on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in the significant number in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, 416.969 (a)).

11.  The claimant has not been under disability as defined in the Social Security Act from June 4, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at PageID 50-54.

  Thereafter, Plaintiff requested the Appeals Council to review the ALJ's decision, and also submitted new medical evidence for the Appeals Council to consider. *Id.* at PageID 40-42. On August 5, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. *Id.* at PageID 37-39; *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In

that decision, the Appeals Council considered the new medical evidence that Plaintiff submitted. *See* doc. 5-2 at PageID 40. Plaintiff then filed this appeal on September 20, 2011. *See* doc. 2.

### B. Administrative Hearing

#### 1. Plaintiff

Plaintiff was 43 years old on his alleged disability onset date and thus considered a "younger individual." *See* 20 C.F.R. §§ 404.1563, 416.963. Plaintiff is a high school graduate. Doc. 5-2 at PageID 71. For fourteen years, he worked in the same pizza restaurant in various jobs, such as preparing and delivering pizzas, but stopped in June 2008 due to pain in his feet. *See id.* at PageID 71-72; doc. 5-6 at PageID 184.

At the time of the administrative hearing, Plaintiff was 6'3" and weighed 402 pounds. Doc. 5-2 at PageID 70. Plaintiff has diabetes, but testified that his blood sugar is "pretty much" controlled with medication. *See id.* at PageID 80.

Plaintiff further testified regarding his foot impairments. He reported that he has pain in his feet when sitting or standing, and the pain is aggravated when he stands for "a while." *Id.* at PageID 71-72, 79. He sometimes takes Motrin or Vicodin for the pain. *Id.* at PageID 73. Plaintiff wears a brace on his right foot due to muscle deterioration. *Id.* at PageID 72-73, 78. Plaintiff also testified that he has an infection in his left foot. *See id.* at PageID 78-79. Plaintiff claimed that he is supposed to elevate his legs two to three times a day. *Id.* at 80.

As for daily activities, Plaintiff testified that he does very few household chores. *Id.* at PageID 73-75. He also visits his friends approximately once a week. *Id.* at PageID 76. Plaintiff estimated that he can walk, stand or sit for 20 to 30 minutes at one time. *Id.* at PageID 76-77. He further testified that he can lift approximately 20 pounds. *Id.* at PageID 77.

## 2. Medical Expert

Charles Metcalf, M.D. testified at the administrative hearing as a medical expert ("ME"). *Id.* at PageID 81-89. He opined that Plaintiff's most significant impairments are his obesity and related foot conditions. *Id.* at PageID 82. He noted several diagnoses concerning Plaintiff's feet in the record: Charcot's arthropathy, infections in his left foot, and severe neuropathy.[3] *Id.* at PageID 83-84. Although he did not find sufficient objective medical evidence to confirm those diagnoses, he nonetheless accepted them as true in assessing Plaintiff's ability to work. *See id.* at PageID 84, 87-89. The ME opined that, even when these impairments are accepted as true, Plaintiff is nonetheless capable of performing a reduced range of "light" work. *See id.* at PageID 85-86.

## 3. Vocational Expert

Vocation Expert ("VE") Suman Srinivasan also testified at the hearing. *Id.* at PageID 89-93. Based on Plaintiff's age, education, work experience and RFC, she testified there are at least 6,000 lights jobs and 6,000 sedentary jobs – or a total of 13,000 jobs – in the regional economy that he can perform. *Id.* at 91-92.

## II. APPLICABLE LAW

The Court's inquiry on appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978).

---

[3] Charcot's arthropathy is a "neuropathic joint"; and neuropathy is defined as "a disease involving the cranial nerves or the peripheral or autonomic nervous system." *Stedman's Medical Dictionary* 161, 1313 (28th ed. 2006).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity ("RFC"), can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

## III. ANALYSIS

### A. A Remand for Consideration of Additional Evidence is Unwarranted

In March 2011, following the ALJ's August 16, 2010 decision, Plaintiff, through counsel, submitted additional evidence to the Appeals Council. Doc. 5-6 at PageID 228-31; doc. 5-8 at PageID 557-65. Specifically, he submitted a functional capacity evaluation from his treating podiatrist, Kevin Schroeder, M.D. – opining that Plaintiff is disabled[4] – and photographs of his foot. *See id.* The Appeals Council received the additional evidence and made it part of the record, but ultimately denied Plaintiff's request for review. Doc. 5-2 at PageID 37-40. Plaintiff now argues that this Court should remand to the Commissioner for consideration of this

---

[4] In his evaluation of Plaintiff, Dr. Schroeder reported that Plaintiff can continuously sit for 2 hours; stand for 30 minutes; walk for 20 minutes; and can do none of the above for longer than 2 hours total in an 8-hour day. Doc. 5-8 at PageID 560. He further opined that Plaintiff needs to have his legs elevated when sitting; cannot complete a full 8-hour working day without lying down; and would miss work approximately twice a month for treatment. *Id.* at PageID 561-63.

7

additional evidence. *See* doc. 8 at PageID 592-94. The Court disagrees, and finds such a remand would be inappropriate in this case.

Under the Sixth Sentence of 42 U.S.C. § 405(g), the Court may remand a case to the Commissioner for further consideration "only upon a showing [1] that there is new evidence which is material and [2] that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. 405(g); s*ee Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2006). Evidence is "material" if "there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Hollon*, 447 F.3d at 484 (citations and brackets omitted). To establish the necessary "good cause," Plaintiff must give a "valid reason" to justify his failure to submit such evidence prior to the hearing for inclusion in the record. *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). Plaintiff has the burden of showing that a remand is appropriate. *See id.*

Here, Dr. Schroeder's evaluation is dated March 13, 2011 – approximately seven months after the ALJ's decision. *See* doc. 5-8 at PageID 563. Plaintiff, by not providing a valid reason why this medical opinion could not have been submitted earlier, has failed to satisfy the "good cause" requirement. *See Oliver*, 804 F.2d at 966. At the administrative hearing, the ALJ asked Plaintiff's counsel if there were any medical reports missing in the record. Doc. 5-2 at PageID 67. Plaintiff's counsel did not indicate that he was waiting on a medical opinion from Dr. Schroeder; nor did he ask the Court for an extension of time to obtain one. *See id.* In addition, Plaintiff had the option of requesting the ALJ to issue a subpoena for Dr. Schroeder's presence at the administrative hearing, but failed to do that as well. *Cf. Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001) (determining the claimant had failed to establish "good cause" when he

had not asked the ALJ for additional time to submit a medical report or to subpoena the treating doctor); *Sharp v. Astrue*, No. 3:09-cv-42, 2010 U.S. Dist. LEXIS 29971, at *25-26 (S.D. Ohio Jan. 21, 2010) (finding the claimant had failed to show "good cause" when he had not requested an extension of time to submit outstanding evidence).[5] Moreover, the Court finds Dr. Schroeder's report was generated for the purpose of attempting to prove disability – in contrast to medical evidence produced by a treating physician as a result of continued medical treatment – which also demonstrates a lack of "good cause." *See Koulizos v. Sec'y of Health & Human Servs.*, No. 85-1654, 1986 U.S. App. LEXIS 18275, at *4-5 (6th Cir. Aug. 9, 1986). As such, Plaintiff has not established the necessary good cause for a Sentence Six remand. Accordingly, even if the Court assumes, *arguendo*, that his medical evidence is new and material, his request for a Sentence Six remand to consider Dr. Schroeder's evaluation should nonetheless be denied.

### B. The ALJ's RFC Analysis is Supported by Substantial Evidence

Additionally, Plaintiff contends the ALJ's RFC assessment is unsupported by substantial evidence. *See* doc. 8 at PageID 594-96. As a preliminary matter, the Court notes that it is confined to reviewing the evidence before the ALJ, which did not include Dr. Schroeder's March 2011 evaluation, in determining whether the ALJ's RFC finding is supported by substantial evidence. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Because the objective medical evidence before the ALJ substantially supports the ALJ's finding – that Plaintiff has the RFC to perform a reduced range of light work – the Court recommends that the ALJ's decision be affirmed.

---

[5] In his Reply memorandum, Plaintiff suggests "good cause" exists because his prior counsel failed to take the necessary action to timely obtain Dr. Schroeder's medical opinion and include it in the record before the ALJ's decision. *See* doc.14 at PageID 646-47. However, a previous attorney's errors do not establish good cause to obtain a Sixth Sentence remand. *See Taylor v. Comm'r of Soc. Sec.*, 43 F. App'x 941, 943 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional authority for [the claimant's] unstated, but unmistakable, premise that the alleged incompetence of [the claimant's] first attorney constitutes "good cause" in this context").

In assessing Plaintiff's RFC, the ALJ gave controlling weight to the medical opinion of Plaintiff's treating physician, Mark Boettler, M.D., and also added restrictions to Dr. Boettler's recommendations. Doc. 5-2 at PageID 52. The ALJ explained her RFC assessment as follows:

> The RFC essentially follows the recommendations of the claimant's treating internal medicine physician, Dr. Boettler (Exhibit l7-F) [Doc. 5-8 at PageID 482-84]. In a functional evaluation for the county Department of Family and Job Services, Dr. Boettler indicated that the claimant could perform the lifting demands of light work, could sit without restriction, and could stand or walk for 30 minutes at a time and up to six hours in a workday. Use of repetitive foot controls was markedly impaired, according to Dr. Boettler's assessment. The opinion of Dr. Boettler is given controlling weight based on his expertise in internal medicine, his treating relationship to the claimant, and the general consistency of his evaluation with supporting medical findings and other opinion evidence in the record. Dr. Boettler's opinion addresses the problems the claimant would anticipate on prolonged standing or walking due to his excessive weight, neuropathy, and foot issues. However, the RFC does adopt the postural limits and total ban on repetitive foot controls as advised by the Medical Expert since such restrictions would be a reasonable accommodation for the effects of the claimants' obesity and foot problems. But as to the claimant's allegation of a need to elevate his leg(s), the Medical Expert remarked that he saw no basis for elevation of the leg(s) to treat the arthropathy or neuropathy (as opposed to a vascular disease), so the RFC does not recognize[] a medical need to elevate the legs in the course of the workday.
>
> For the most part, the opinion of Dr. Boettler's proposed functional limitations are closely in line with the limited light work recommendations of the Medical Expert, Dr. Metcalf (testimony) [doc. 5-2 at PageID 82-89], as well as the most recent physical RFC assessment by a BDD reviewing physician, Dr. Bolz (Exhibit 21-F) [doc. 5-8 at PageID 525-35]. Dr. Metcalf mentioned a possible standing restriction to about two hours in a workday, consistent with what Dr. Bolz suggested. However, the RFC adopted here features a four-hour maximum standing/walking limitation with no more than 30 minutes of continuous standing and walking, which is more in line with what the objective findings of record show and more consistent with Dr. Boettler's recommendation. In this regard, it bears observing that the ulceration in the claimant's left foot healed on antibiotics, and the effects of the Charcot's arthropathy in the right foot are ameliorated by use of an orthotic brace (Exhibits l7-F, 20-F, 22-F, and 25-F).

Doc. 5-2 at PageID 52.

Plaintiff does not point to a medical opinion which the ALJ should have accepted over Dr. Boettler's. *See* doc.8 at PageID 590-96. Although the record before the ALJ contained Dr.

Schroeder's treatment notes, there was no "medical opinion" from him that the ALJ had to evaluate pursuant to 20 C.F.R. § 404.1526. *See* 20 C.F.R. § 404.1527(a)(2); *cf. Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) (finding that a doctor's observations do not qualify as "medical opinions" under Social Security regulations); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 749 (6th Cir. 2007) (noting that a treating doctor's general findings are relevant, but not controlling without a RFC assessment). In fact, it appears the only medical opinion contrary to the ALJ's RFC assessment was that of a stage agency reviewer, Diane Manos, M.D., who recommended a less restrictive RFC – *i.e.,* she opined that Plaintiff could lift up to 50 pounds occasionally and stand 6 hours in an 8-hour workday. Doc. 5-8 at PageID 469-76. Such a finding is consistent with an ability to perform a limited range of "light" work. *See* 20 C.F.R. §§ 404.1567(b); 416.067(b).

In sum, the Court finds that based on the medical evidence before her, the ALJ reasonably relied upon the opinion of Plaintiff's treating physician (Dr. Boettler), the state agency reviewing physician (Dr. Bolz), and the medical expert (Dr. Metcalf)[6] in determining that Plaintiff could perform a reduced range of light work.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The ALJ's non-disability finding be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**;

2. Plaintiff's request to remand this matter to the Commissioner under the Sixth Sentence of 42 U.S.C. § 405(g) be **DENIED**; and

3. This case be **CLOSED**.

July 31, 2012                                    **s/Michael J. Newman**
                                                 United States Magistrate Judge

---

[6] The ALJ properly relied on a medical expert to interpret Plaintiff's medical records. *See Buxton*, 246 F.3d at 775.

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).